# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALDEE JORDAN, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 12-10203-MLB |

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for reconsideration. (Doc. 22).[1] On December 17, 2012, this court denied defendant's motion to suppress. (Doc. 21). Defendant moves to reconsider on the basis that the government failed to establish that the vehicle would have been seized pursuant to the forfeiture statute or, alternatively, that the forfeiture statute violates defendant's Eighth Amendment rights.

## Analysis

"The inevitable discovery doctrine provides an exception to the exclusionary rule and permits evidence to be admitted if an independent, lawful police investigation inevitably would have discovered it." United States v. Cunningham, 413 F.3d 1199, 1203 (10th Cir. 2005). The burden rests on the government to prove "by a preponderance of the evidence that the evidence at issue would have been discovered without the Fourth Amendment violation." Id. In regard to roadside car searches, "[i]f evidence seized unlawfully

---

[1] The government declined to file a written response to the motion.

would have been inevitably discovered in a subsequent inventory search, such evidence would be admissible." United States v. Tueller, 349 F.3d 1239, 1243 (10th Cir. 2003).

Defendant asserts that the statute was newly enacted and that the government did not establish that the vehicle would have been seized pursuant to the statute. After receiving defendant's motion, the court reviewed the testimony from the motion hearing. On re-cross, defense counsel asked Bachman if he had ever forfeited a vehicle for fleeing. Bachman testified that "any time we have a vehicle that's involved in a felony evade and elude case or any kind of chase, that vehicle is impounded 99% of the time." Additionally, Martin testified that because of the car chase and the identity of the driver, he assumed that the car would be impounded. The court finds that this evidence is sufficient to establish that the vehicle would have been impounded even if the drugs had not been discovered by Martin.

Alternatively, defendant contends that the forfeiture statute, K.S.A. 60-4104(z), violates his Eighth Amendment rights to be free from excessive fines. Defendant argues that allowing forfeiture for felony fleeing "would authorize the seizure of thousands of dollars of property for as little as a willful traffic crime." Doc. 22 at 4. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." United States v. Wagoner County Real Estate, 278 F.3d 1091, 1099-1100 (10th Cir. 2002) The court "must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it

-2-

is unconstitutional." Id. The most important factor to consider in making this determination is the legislature's judgment. Id. The court can look to the maximum statutory fines to translate the gravity of a crime into monetary terms. Id.

In this case, the State of Kansas has determined that a violation of K.S.A. 8-1568(b), felony fleeing or eluding, is a severity level 9 person felony. K.S.A. 8-1568(c)(4). K.S.A. 21-6611 sets forth the potential fines for persons convicted of felonies. The fine authorized for a severity level 9 is a "sum not exceeding $100,000." K.S.A. 21-6611(a)(3). Therefore, the court does not find that forfeiture of defendant's vehicle, valued at under $10,000, violates his Eighth Amendment rights.

## Conclusion

Defendant's motion for reconsideration is denied. (Doc. 22).

IT IS SO ORDERED.

Dated this __10th__ day of January 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE