# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CALDEE JORDAN, JR., )<br>)<br>Defendant. )<br>_____ ) | **CRIMINAL ACTION**<br><br>No. 12-10203-01-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on:

> Defendant's Motion for Judgment of Acquittal (Doc. 44); and the Government's response (Doc. 45).

## I Background

A one-count indictment charged that on or about July 27, 2012, in the district of Kansas, the defendant "did knowingly, intentionally, and unlawfully possess, with the intent to distribute, approximately 3.78 grams of a mixture or substance containing a detectable amount of heroin, a controlled substance," in violation of 18 U.S.C. § 841. (Doc. 1).

At trial the Government presented evidence that on July 27, 2012, defendant was stopped by Wichita police officers and his vehicle was searched. The search turned up 41 small balloons, each containing a mixture of heroin. The total weight of the mixture in the balloons was determined to be 8.84 grams. Defendant was also in possession of $1,189 in cash, although the evidence showed that he was unemployed. The court gave a simple possession instruction but the jury found

defendant guilty of the felony offense.

According to the Government, the lesser figure of 3.78 grams stated in the indictment resulted from the fact that only some of the balloons from the car were tested prior to the presentment of the case to a grand jury. Defendant objected at trial to the introduction of any evidence that he possessed more than 3.78 grams. He also objected to the court's instructions allowing the jury to convict if it found that defendant possessed with intent to distribute a controlled substance that "contained a detectable amount of heroin."

Defendant's motion for judgment of acquittal under Rule 29 argues that the court constructively amended the indictment by allowing evidence that the weight of the mixture exceeded 3.78 grams. He contends that the evidence "at a minimum modified an essential element of the offense" and "crippled the defense, which claimed that the alleged contraband was for personal use, not sale." (Doc. 44 at 2-3).

**II Standards**

Rule 29 provides in part that after the close of the Government's evidence, the court on defendant's motion must enter judgment of acquittal of any offense "for which the evidence is insufficient to sustain a conviction." Although defendant argues that the admission into evidence of the 8.84 grams was error, he does not argue that the evidence was otherwise insufficient to sustain a conviction for the felony offense. His motion is therefore more properly considered one for a new trial under Rule 33. See e.g., United States v. Hoover, 467 F.3d 496, 501 (5th Cir. 2006) ("Where the indictment has been constructively amended,... but there is evidence within the proper scope of the indictment which supports the verdict, then the normal

remedy is to reverse for a new trial.").

The court may vacate a judgment and grant a new trial under Rule 33 "if the interest of justice so requires." For the reasons stated below, the court does not find that the interest of justice warrants a new trial.

**III Discussion**

The Tenth Circuit recently summarized the law pertaining to constructive amendments:

> A constructive amendment to an indictment occurs "when the evidence presented at trial, together with the jury instructions, so alters the indictment as to charge a different offense from that found by the grand jury." United States v. Farr, 536 F.3d 1174, 1180 (10th Cir.2008) (internal quotation marks and alterations omitted). "To constitute a constructive amendment, the district court proceedings must modify an essential element of the offense or raise the possibility the defendant was convicted of an offense other than that charged in the indictment." United States v. Hien Van Tieu, 279 F.3d 917, 921 (10th Cir.2002).

United States v. DeChristopher, 695 F.3d 1082 (10th Cir. 2012).

The evidence that defendant possessed approximately 8 grams rather than 3 grams, and the instruction allowing conviction for possession with intent to distribute a mixture containing "a detectable amount" of controlled substance, did not modify an essential element of the offense. Section 841(a)(1) makes it an offense for a person to knowingly "possess with the intent to ... distribute ... a controlled substance." [T]he quantity of drugs involved in a violation of §841(a) is not an essential element of the offense if the district court imposes a sentence that does not exceed the maximum set forth in §841(b)(1)(C), which does not require any

-3-

minimum quantity as a predicate for sentencing." See United States v. Lancaster, 2012 WL 4096321, *2 (10th Cir., Sept. 19, 2012) (unpublished) (quoting United States v. Walters, 163 Fed.Appx. 674, 680 (10th Cir. 2006) (unpublished)). Drug quantity is an essential element of a §841(a) offense "only if the quantity triggers a sentence beyond the maximum allowed for the violation of the base §841(a)(1) offense." Lancaster, 2012 WL 4096321 at *2. See also United States v. Caldwell, 589 F.3d 1323, 1333 (10th Cir. 2009) (same). Possession of 100 grams or more of a mixture containing heroin is required to trigger an increased penalty under §841(b)(1)(B). Because the amount involved here was in any event under 100 grams, the particular quantity possessed was not an essential element of the offense.

Nor is there any possibility that defendant was convicted of an offense other than the one charged in the indictment. The 3.78 gram mixture that was tested first, and which formed the basis of the grand jury's charge, was unquestionably but a subset of the 41 balloons found in defendant's car. No material distinction is cited between this smaller sample and the larger total. All of the balloons were found in the car inside the same bag. And given that the grand jury found probable cause to believe defendant possessed the smaller sample with intent to distribute, evidence that the balloons in the car actually contained more heroin leaves no likelihood that defendant was convicted of an offense separate or different from the one charged by the grand jury. United States v. Farr, 536 F.3d 1174, 1181 (10th Cir. 2008) (a variation between the evidence and the indictment does not amount to a constructive amendment if it does not raise the possibility that the defendant was convicted of an offense other than

that charged in the indictment). In sum, there was no constructive amendment of the charge in the indictment.

Defendant suggests in a footnote that admission of the greater quantity at least amounted to a prejudicial variance. Although the difference between a constructive amendment and a variance has been described as "sketchy" (Farr, 536 F.3d at 1181), case law states that a "simple variance" arises whenever the evidence at trial establishes facts different from those alleged in the indictment United States v. Sells, 477 F.3d 1226, 1237 (10th Cir. 2007). Unlike a constructive amendment, a simple variance is subject to harmless error analysis, and a defendant bears the burden of proof both to show that a variance occurred and that it substantially prejudiced his rights. Sells, 477 F.3d at 1237. See also United States v. Hamilton, 992 F.3d 1126, 1130 (10th Cir. 1993) (prejudice may arise from variance if defendant cannot anticipate what evidence will be presented against him or he is exposed to risk of double jeopardy).

There is clearly a factual difference between the "approximately 3.78 grams" mentioned in the indictment and the evidence at trial of over 8 grams. And as defendant points out, such a difference in quantity could potentially effect a jury's determination of whether a substance was possessed with intent to distribute. But defendant has not shown that this factual variance substantially prejudiced his rights. As noted above, the quantity of drugs was not an essential element of the offense, and defendant had no Fifth Amendment right to insist upon a trial limited to the particular quantity mentioned in the indictment. The court also notes that the entire record may be considered in evaluating a claim of double jeopardy, so there is no

-5-

danger that defendant could again be prosecuted in another federal prosecution for possession of these same balloons of heroin. Cf. Hamilton, 992 F.2d at 1130 ("under the record in this case, Defendant cannot be prosecuted again for carrying another type of firearm during the same robbery....").

A defendant has a Sixth Amendment right "to be informed of the nature and cause of the accusation" against him. If defendant could demonstrate that he was unfairly surprised at trial by the introduction of the greater amount – such that he did not have an adequate opportunity to prepare his defense – the court could find that a lack of notice justified a new trial. But while defendant complains of the impact of the evidence on his defense, he does not claim or show any unfair surprise from its introduction. And it is clear to the court that he had sufficient actual notice of the Government's intent to use the total amount found in the car such that he could prepare his defense accordingly.

**IV Conclusion**

Defendant's Motion for Judgment of Acquittal (Doc. 44) is DENIED.

IT IS SO ORDERED.

Dated this 20th day of March 2013, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-6-